IN THE DISTRICT COURT OF STEPHENS COUNTY
STATE OF OLAHOMA

FILED DISTRICT COURT
Stephens County, Okla.

DEC 11 2014

MARGARET CUNNINGHAM
*COURT CLERK*

| | |
|---|---|
| JANET MILLER, individually, and as Wife and next of kin of GEORGE MILLER, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: CJ-14-179 E ) |
| TRAVELERS, a/k/a THE TRAVELERS INDEMNITY COMPANY, a/k/a TRAVELERS INSURANCE, a/k/a TRAVELERS INSURANCE COMPANY, And ST. PAUL FIRE & MARINE INSURANCE COMPANY, SUPERIOR WELL SERVICES, LTD, JOHN DOE 1, an Individual, and JOHN DOE 2, a Commercial Enterprise. | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff, **Janet Miller, individually, and as wife and next of kin of George Miller, deceased**, and for her causes of action against Defendants, **Travelers, a/k/a The Travelers Indemnity Company, a/k/a Travelers Insurance, a/k/a Travelers Insurance Company, (hereinafter "Travelers"), St. Paul Fire & Marine Insurance Company (hereinafter "St. Paul") and Superior Well Services, LTD (hereinafter "Superior")**, hereby alleges and states as follows:

1. That the Plaintiff, Janet Miller, wife and next of kin of Decedent, George Miller, is, and all times relevant, was a resident of Stephens County, State of Oklahoma.

2. That the Defendant, Travelers, a/k/a The Travelers Indemnity Company, a/k/a Travelers Insurance, a/k/a Travelers Insurance Company, is incorporated under the laws of the State of Connecticut and is licensed to and does conduct business in the State of Oklahoma.

PETITION - Page 1

**EXHIBIT 2**

3. That the Defendant, St. Paul Fire & Marine Insurance Company, is incorporated under the laws of the State of Minnesota and is licensed to and does conduct business in the State of Oklahoma.

4. That the Defendant, Superior Well Services, LTD, is incorporated under the laws of the State of Pennsylvania and is licensed to and does conduct business in the State of Oklahoma.

5. That Defendant, John Doe 1, individually, is or may be at all times relevant a resident of Stephens County, State of Oklahoma.

6. That Defendant, John Doe 2, is or may be a commercial enterprise and at all times relevant is and was operating in the State of Oklahoma.

7. The events which give rise to the suit occurred in Stephens County, Oklahoma.

8. Venue is proper under 12 O.S. §§ 137, 187.

### FIRST CAUSE OF ACTION

9. That on or about the 24th day of December, 2009, in Stephens County, Oklahoma, decedent George Miller was driving a vehicle that Defendants, Travelers and/or St. Paul, had in force and effect a policy of automobile insurance, Policy Number VK04206580. Said policy provided coverage for Decedent, George Miller.

10. That Decedent's employer, Superior, owned and insured the vehicle Decedent was operating the 24th day of December, 2009.

11. That Decedent had the exclusive permission of his employer, Superior, to operate said vehicle.

12. Decedent George Miller was on his way home and driving in blizzard conditions, when he stopped on Highway 29 near Marlow, Oklahoma to assist a stranded motorist who had

been involved in an accident. Mr. Miller was struck and killed by another motorist, Chester Foster.

13. That Defendant, John Doe 1, may have had a role in providing, maintaining, and insuring the vehicle driven by decedent, George Miller.

14. That Defendant, John Doe 2, may have had a role in providing, maintaining, and insuring the vehicle driven by decedent, George Miller.

15. Upon information and belief, Plaintiff's previous counsel sent a letter of representation to Defendants, and at that time made a claim for uninsured/underinsured motorist (UM/UIM) benefits and/or medical payments coverage. According to correspondence received from Defendants, Defendants refused and continue to refuse to pay the policy benefits under the uninsured/underinsured motorist coverage.

16. As an insured, Decedent is entitled to timely payment of policy benefits including, but not limited to, uninsured/underinsured motorist coverage.

17. Defendants, and each of them, have a duty to deal fairly and in good faith with Plaintiff and Decedent and have unreasonably failed to deal fairly and in good faith with their own insured. Defendants failed to fully and reasonably investigate the facts of the accident.

18. As a result of Defendants' failure to deal fairly and in good faith with Plaintiff, Plaintiff has suffered damages, including, but not limited to mental anguish, emotional distress, and other further damages that the court and jury may award potentially in excess of $75,000.00.

19. The actions of Defendants, and each of them, during the handling of Plaintiff's claim demonstrate a reckless disregard for their insured, as they intentionally, and with malice, breached their duty to deal fairly and in good faith. The actions of Defendants were intentional,

malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff therefore, seeks punitive damages.

20. As a result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount potentially in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, in an amount potentially in excess of $75,000.00 for compensatory damages and punitive damages, together with attorney's fees, costs of this action, interest, and for such other relief as the court may deem just and proper.

**ATTORNEYS' LIEN CLAIMED**       Respectfully Submitted,

 

                                **HOMSEY LAW CENTER**
                                4816 Classen Boulevard
                                Oklahoma City, Oklahoma 73118
                                gbh@homseylawcenter.com
                                (405) 843-9923
                                (405) 848-4223 *Facsimile*

By: _____
       Gary B. Homsey, OBA #4339
       **ATTORNEY FOR PLAINTIFF**