# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JANET MILLER, individually, and as next )
of kin of GEORGE MILLER, deceased,   )
                                       )
              Plaintiff,        )
v.                                )         NO. CIV-15-0165-HE
                                       )
ST.  PAUL FIRE & MARINE       )
INSURANCE COMPANY, *et.  al.,*    )
                                       )
             Defendants.      )

## ORDER

Plaintiff filed this case in state court, asserting claims arising out of the death of her husband, George Miller, who was struck and killed by an automobile while assisting a stranded motorist during a blizzard on December 24, 2009.  Plaintiff's First Amended Complaint [Doc. #1-13] added Nabors Completion & Production Services Company ("Nabors") as a defendant.  Some time after the accident, Nabors acquired Superior Well Services, Ltd.  ("Superior), which was Mr.  Miller's employer at the time of the accident and the owner of the vehicle he was driving.  It appears to be undisputed that Nabors is the successor in interest to Superior.  After being added as a defendant, Nabors removed the case to this court.  It has now filed a motion to dismiss the claims against it.

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).  To avoid dismissal, the complaint must contain "enough facts to state a claim to relief

that is plausible on its face" and "raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Twombly, 550 U.S. at 556). Applying this standard, the court

concludes that defendant's motion should be granted.

Plaintiff indicates she is seeking only to recover uninsured motorist benefits from the

insurance policy that covered the vehicle driven by her husband prior to the accident—a

contract claim---and that she views Nabors as somehow responsible for paying those benefits

if the insurance company will not. Plaintiff cites no law to support that remarkable

proposition and nothing in the complaint even suggests a plausible basis for claim against the

employer in these circumstances. She argues there was an agreement, express or implied,

by the employer to provide insurance on the vehicle that would have covered these

circumstances. But the complaint alleges no facts which would support the existence of such

an agreement. Further, the complaint explicitly alleges that there was insurance on the

vehicle.[1] So there is no basis alleged for inferring that Nabors breached any agreement to

insure that it had, even if such an agreement be assumed. In short, there is nothing in the

---

[1]The amended complaint alleges that Nabors "had a role in ... insuring the vehicle driven
by decedent..." and includes other allegations indicating a policy was obtained. See Doc. #1-13,
paras. 8, 12 and 15-17.

complaint which suggests a basis for claim against Nabors in these circumstances.[2]

Defendant Nabor's motion to dismiss [Doc. #5] is **GRANTED**.  The claims against it are dismissed.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*It is therefore unnecessary to address any issue that may exist as to the potential applicability of a statute of limitations.*