## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JANET MILLER, individually, and as Wife and next of kin of GEORGE MILLER, deceased,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>(1) ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br>(2) JOHN DOE 1, an Individual, and<br>(3) JOHN DOE 2, a Commercial Enterprise;<br><br>　　　　　　Defendants. | Case No. CIV-15-165-HE<br>*(Removed from District Court of Stephens County Case No. CJ-2014-179E)* |

## JOINT STATUS REPORT

Date of Conference:　　　May 5, 2015 @ 10:10 a.m.

Appearing for Plaintiff:

　　　　Gary B. Homsey, OBA #4339
　　　　Ashley Manning, OBA #30257
　　　　HOMSEY LAW CENTER
　　　　4816 Classen Blvd.
　　　　Oklahoma City, OK 73118
　　　　405/843-9923; 405/848-4223 (FAX)
　　　　gbh@homseylawcenter.com

Appearing for Defendant St. Paul Fire & Marine Insurance Company ("Defendant St. Paul"):

　　　　Derrick DeWitt, OBA #18044
　　　　Melanie Christians, OBA #30846
　　　　NELSON TERRY MORTON DEWITT PARUOLO & WOOD
　　　　3540 South Boulevard Street #300
　　　　Edmond, OK 73013
　　　　405/705-3600; 405/705-2573 (FAX)
　　　　dewitt@ntmdlaw.com
　　　　mchristians@ntmdlaw.com

1

**Jury Trial Demanded   X   Non-Jury Trial   ____**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

That on or about the 24th day of December, 2009, in Stephens County, Oklahoma, Decedent George Miller was on his way home and driving in blizzard conditions, when he stopped on Highway 29 near Marlow, Oklahoma to assist a stranded motorist who had been involved in an accident. Mr. Miller was struck and killed by another motorist, Chester Foster. The truck which Decedent Miller was driving was owned by his employer Superior Well Services, Ltd. ("Superior") and insured by Defendant St. Paul under a policy of automobile insurance issued to Superior. That Decedent had the exclusive permission of his employer to operate said vehicle.

On or about May 27, 2010, Plaintiff submitted a claim to Defendant St. Paul on behalf of Decedent Miller for uninsured/underinsured motorist (UM/UIM) benefits and/or medical payments under the policy issued to Superior. On July 19, 2010, Defendant St. Paul sent correspondence to Plaintiff's attorney stating no UM/UIM coverage was available for the loss. Plaintiff maintains coverage exists for the loss, while Defendant St. Paul maintains no coverage exists under the language of the policy.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. That the Plaintiff, Janet Miller, wife and next of kin of Decedent, George Miller, is a resident of Stephens County, State of Oklahoma.
   2. Defendant St. Paul is a citizen of Connecticut.
   3. The events which give rise to the suit occurred in Stephens County, Oklahoma.
   4. That on the 24th day of December, 2009, in Stephens County, Oklahoma, Decedent George Miller was struck and killed by another motorist.
   5. The vehicle driven by the decedent on December 24, 2009 was insured by Defendant St. Paul.

4.  **CONTENTS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  **Plaintiff:**

        1.  That Decedent's employer, Superior, owned and insured the vehicle Decedent was operating the 24th day of December, 2009.

        2.  That Decedent had the exclusive permission of his employer, Superior, to operate said vehicle.

        3.  As an insured, Decedent is entitled to timely payment of policy benefits including, but not limited to, uninsured/underinsured motorist coverage.

        4.  The surviving spouse of the decedent Miller is entitled to recover uninsured/underinsured motorist benefits.

        5.  Defendant breached its contract with Plaintiff to pay uninsured/underinsured motorist benefits.

        6.  As a result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to mental anguish, emotional distress, and other further damages that the court and jury may award potentially in excess of $75,000.00.

        7.  The actions of Defendant during the handling of Plaintiff's claim demonstrate a reckless disregard for their insured, as they intentionally, and with malice, breached their contract. The actions of Defendants were intentional, malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff therefore, seeks punitive damages.

    b.  **Defendant St. Paul:**

        1.  Plaintiff fails to state a claim upon which relief can be granted.

        2.  Plaintiff's claims are barred by the applicable statute of limitations.

        3.  St. Paul did not breach the insurance contract at issue.

    4.    A legitimate dispute exists as to Plaintiff's UIM claim.

    5.    St. Paul did not act in bad faith or breach any duty or obligation allegedly owed to Plaintiff.

    6.    The evidence does not warrant imposition of punitive damages.

    7.    Punitive damages are barred by the Due Process Clause of the U.S. and Oklahoma Constitutions.

    8.    It is the understanding of Defendant St. Paul that Plaintiff only intends to assert a claim for breach of contract in this action.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ____Yes  _X_ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    **Plaintiff:** None at this time.

    **Defendant St. Paul:** Defendant St. Paul anticipates filing a Motion for Summary Judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ____Yes  _X_ No
If "no," by what date will they be made?  May 15, 2015

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>April 22, 2015</u>.

    B.    The parties anticipate that discovery should be completed within <u>6 (six) months</u>.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 6 Months

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

         __X__ Yes ____ No

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

         __X__ Yes ____ No

    To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

    <u>The parties anticipate filing a joint motion for protective order.</u>

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

    <u>None at this time.</u>

9. **ESTIMATED TRIAL TIME**: <u>2-3 days</u>

10. **BIFURCATION REQUESTED**: ____ Yes __X__ No

11. **POSSIBILITY OF SETTLEMENT**: ____ Good ____ Fair __X__ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion: __X__ Yes ____ No

    B.    The parties request that this case be referred to the following ADR process:

        __X__ Court-Ordered Mediation subject to LCvR 16.3
        ____ Judicial Settlement Conference

5

   \_\_\_\_\_Other _____
   \_\_\_\_\_None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge?</u> \_\_\_\_Yes  <u>X</u> No

14. <u>Type of Scheduling Order Requested</u>. <u> X </u>Standard  \_\_\_\_Specialized
 (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of April, 2015.

        Respectfully submitted,

        <u>s/Gary B. Homsey</u>
        Gary B. Homsey, OBA #4339
        Ashley Manning, OBA #30257
        HOMSEY LAW CENTER
        4816 Classen Blvd.
        Oklahoma City, OK 73118
        405/843-9923; 405/848-4223 (FAX)
        gbh@homseylawcenter.com
        asm@homseylawcenter.com
        *Attorneys for Plaintiff*

        AND

        <u>*s/Derrick T. DeWitt*</u>
        Derrick T. DeWitt, OBA #18044
        Melanie K. Christians, OBA #30846
        NELSON TERRY MORTON DEWITT PARUOLO & WOOD
        3540 South Boulevard Street #300
        Edmond, OK 73013
        405/705-3600; 405/705-2573 (FAX)
        dewitt@ntmdlaw.com
        mchristians@ntmdlaw.com
        *Attorneys for St. Paul Fire & Marine Insurance Company*